FILED
2009 Jan-21  PM 02:38
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

**UNITED STATES OF AMERICA,**    )

**VS.**             )       **2:95-cr-129-JHH-TMP**

**WILLIE CLAY MEANS.**     )

### MEMORANDUM OF OPINION REGARDING ORDER DENYING A SECOND OR SUCCESSIVE MOTION TO REDUCE TERM OF IMPRISONMENT (doc. #1742)

On February 19, 2008 movant filed a motion (doc. #1653) under 18 U.S.C. § 3582(c)(2) seeking to reduce his sentence based upon the recent retroactive crack cocaine amendment to the Sentencing Guidelines which became effective on November 1, 2007.  Based upon a May 19, 2008 memorandum of opinion (doc. #1671) and order (doc. #1672) the § 3582 motion was denied.[1]  On May 29, 2008 movant filed a notice of appeal (doc. #1678).[2]  The appeal was assigned case number 08-13166 by the Eleventh Circuit Court of Appeals (doc. #1685).  Movant filed a "second notice of appeal" (doc. #1683) on June 10, 2008, which was

---

[1] The court also entered a separate order (doc. #1673) certifying that any appeal would not be taken in good faith.

[2] He also filed a motion (doc. #1679) for leave to appeal *in forma pauperis* which was denied (doc. #1682).

assigned case number 08-13375 by the Eleventh Circuit Court of Appeals (doc. #1688).  On June 16, 2008 this court struck (doc. #1686) the "second notice of appeal."

The court of appeals denied pauper status in its case number 08-13166 (doc. #1705) and a month later dismissed that appeal for want of prosecution (doc. #1723).  On September 10, 2008 the court of appeals, *sua sponte*, dismissed (doc. #1724) the appeal in its case number 08-13375 for lack of jurisdiction since this court had struck (doc. #1686) movant's second notice of appeal (doc. #1683). Thus, all of movant's appeals involving his earlier crack motion (doc. #1653) have been concluded.

With the foregoing in mind, the court now considers "Movant's Second Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2), Based on Amendment to the United Sentencing Guidelines Made Retroactive to Cases Already Final." (doc. #1742) filed December 4, 2008.  As the foregoing reflects, the issue presented by such second motion[3] likewise has already been made "final."  The sentences imposed upon movant and confirmed in the May 19, 2008 opinion (doc. #1671) and order (doc. #1672) were reasonable sentences and not

---

[3] Movant correctly notes in the second motion that his sentences were based upon the increased punishment provisions of 21 U.S.C. § 851.

greater than necessary to comply with the statutory purposes of sentencing embraced in 18 U.S.C. § 3553(a).  Movant's second motion (doc. #1742) has no merit for a number of reasons, including *res judicata*.[4]  A separate order will be entered denying the motion.  Movant's attention is directed to the "Notice Concerning Appeals" set out below.

### NOTICE CONCERNING APPEALS

A § 3582(c)(2) motion is a continuation of the criminal proceeding; therefore, a notice of appeal must be filed within ten days from the entry of the judgment or order being appealed.  *See*, *United States v. Fair*, 326 F.3d 1317, 1318 (11th Cir.2003); *United States v. Starks,* 2008 WL 351386 (11th Cir. 2008); *Fed. R. App. P.* 4(b)(1)(A)(i).  Since movant was represented by appointed counsel at trial or on appeal, movant is not required to file a new application to proceed *in forma pauperis* on appeal from the ruling on the § 3582(c)(2) motion.  However, the court hereby certifies that any appeal of this order will be taken in bad faith for the reasons set forth herein and the reasons set forth in the numerous other orders and proceedings referred to herein. Should any such appeal be filed, the clerk is directed to forward it to the court of appeals, <u>together with a copy of this</u>

---

[4] If viewed as a motion to reconsider, it is clearly untimely.

*memorandum of opinion, expressly calling that court's attention to the certification herein made*.

**DONE** this the ___21st___ day of January, 2009.

_____
SENIOR UNITED STATES DISTRICT JUDGE